THE PEOPLE *ex rel.* THE DEPARTMENT OF LABOR, Plaintiff-Appellant, v. SKOOG LANDSCAPE AND DESIGN *et al.*, Defendants-Appellees.

Third District   No. 3—01—0852

Opinion filed February 14, 2003.

HOLDRIDGE, J., specially concurring.

James E. Ryan, Attorney General, of Chicago (Joel D. Bertocchi, Solicitor General, and Erik G. Light (argued), Assistant Attorney General, of counsel), for appellant.

John B. Whiton (argued), of Snow, Hunter, Whiton & Fishburn, of Freeport, for appellees.

JUSTICE SLATER delivered the opinion of the court:

The Illinois Department of Labor (Department) brought this action against the defendants, Skoog Landscape & Design and its owner, C. Alan Skoog (collectively Skoog), for allegedly failing to pay prevailing wages to its employees while working on a project for the Sterling Park District. The Department alleged that the failure to pay its prevailing wages was a violation of the Prevailing Wage Act (Act) (820 ILCS 130/0.01 *et seq.* (West 1998)). Skoog filed a motion for summary judgment, claiming that the Department did not bring this suit in a timely manner under the Act. See 820 ILCS 130/0.01 *et seq.* (West 1998). After a hearing, the trial court granted the motion for summary judgment. For the following reasons, we affirm.

## I. FACTS

### A. Background

The Department administers and enforces the Act. 820 ILCS 130/0.01 *et seq.* (West 1998). The Department, along with other public bodies, determines prevailing wage classifications and rates and conducts compliance investigations. On June 1, 1998, the Department issued a prevailing wage determination for each county in Illinois. Based on its survey, the Department identified numerous wage classifications, including laborers, operating engineers, and truck drivers. The Department determined that the prevailing hourly wage for highway laborers was $17.19 and for building laborers was $17.64. However, it did not recognize separate classifications for landscape laborers, landscape equipment operators, or landscape truck drivers.

From 1994 until 1999, the Sterling Park District in Whiteside County established its own rates for the positions of basic landscape laborer and foreman laborer. In 1998, Doug Jacobs, the park district's superintendent of parks and planning, contacted three firms in the area to ascertain the rates they were paying their employees. Jacobs learned that a general laborer was paid from $5.75 to $7 per hour and a foreman was paid from $7.50 to $9 per hour. Two of the companies provided pension and vacation plans while the third did not.

Based on Jacobs' survey, Larry Schuldt, the executive director of the park district, drafted an ordinance detailing the park district's findings regarding prevailing wages. On June 5, 1998, the park district's board of commissioners passed the draft ordinance as Ordinance 98—2. In the ordinance, the Sterling Park District adopted prevailing wage rates for construction work in Whiteside County as determined by the Department. However, the ordinance contained an exception regarding landscape laborers. For that category, the park district adopted wages of $6.25 per hour for a basic landscape laborer

and $8.38 per hour for a landscape foreman, with no pension or vacation benefits.

The Sterling Park District filed Ordinance 98—2 with the Illinois Secretary of State. Additionally, a notice of the park district's determination of the prevailing rate of wage was published on June 23, 1998, in a daily newspaper of general circulation in Sterling. No party filed an objection to the park district's determination.

## B. The Emerald Hill Irrigation Project

In August 1998, the Sterling Park District solicited proposals for the installation of an irrigation system at one of its recreational facilities, the Emerald Hill Golf and Learning Center (Emerald Hill). On August 17, 1998, Skoog designed an irrigation system to meet the Sterling Park District's specifications. On September 14, 1998, the park district and Skoog entered into a contract for the installation of the irrigation system. In the contract, Skoog agreed to pay the prevailing wage according to the schedule set forth in the park district's Ordinance 98—2.

Skoog began work on the Emerald Hill project in October 1998 and completed it in November 1998. Skoog paid seven of its employees who were identified as laborers wages between $6.25 and $11 per hour. It paid its foreman $9.15 per hour.

A month after the Emerald Hill project was finished, Skoog received a letter from Enus Higgins, a labor conciliator with the Department. In the letter, Higgins informed Skoog that Skoog had failed to pay its employees in accordance with the prevailing wage rate and classification established by the Department for Whiteside County. Specifically, Higgins alleged that Skoog had underpaid its workers $11,156.08 on the Emerald Hill project. Higgins claimed that Skoog was liable to the Department for penalties totaling $2,231.22. If the Department did not receive a check for the underpayment within 30 days, Higgins claimed that Skoog would be liable for additional penalties of $44.62 per month for each worker.

Skoog did not submit a check to the Department for the claimed underpayment or penalties. Two months later, Higgins forwarded the case file to his manager with a request that it be turned over to the Attorney General's office for prosecution. Ten months later, the Attorney General's office, on behalf of the Department, filed a complaint against Skoog.

## C. Motion for summary judgment

Skoog filed a motion for summary judgment. 735 ILCS 5/2—1005(c) (West 1998). In the motion, Skoog conceded that the Act applied to its employees who performed work on the Emerald Hill

Project. However, Skoog maintained that the Sterling Park District had complied with the Act when it enacted Ordinance 98—2. Skoog also contended that the Department had the opportunity to challenge the park district's prevailing wage determination in a timely manner and it failed to do so. According to Skoog, the Department was barred from retroactively trying to impose its own prevailing wage determination on public works contractors. Finally, Skoog contended that, by paying its employees in accordance with the park district's prevailing wage determination, it had not violated the Act.

In response, the Department argued that the Sterling Park District's wage determination with respect to the landscape laborer classification was invalid because it applied only to the park district rather than all of Whiteside County. It also contended that the Sterling Park District conducted an inadequate investigation to ascertain the landscape laborer rate when it only contacted three businesses and there was no evidence that those businesses installed irrigation systems.

At the conclusion of the hearing, the trial court granted the defendants' motion for summary judgment. It noted that the park district had conducted an investigation, adopted a prevailing wage rate for landscape labor, filed its ordinance with the Secretary of State's office, published a notice in the local newspaper, and had received no objections. The court did not address the adequacy of the park district's investigation.

## II. ANALYSIS

On appeal, the Department argues that the trial court erred in granting Skoog's motion for summary judgment. Specifically, it contends that the Sterling Park District's prevailing wage determination was invalid for the following reasons: (1) the survey was geographically flawed; (2) only three companies were surveyed; and (3) nothing in the record indicates that the park district limited its inquiry to wages paid on public works projects only. The Department also contends in this appeal that it was appropriate to bring this action on behalf of Skoog's employees under section 11 of the Act. 820 ILCS 130/11 (West 1998).

A motion for summary judgment shall be granted "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." 735 ILCS 5/2—1005(c) (West 1998). This court will review the decision to grant a motion for summary judgment on a *de novo* basis. *West Suburban Bank v. Attorneys' Title Insurance Fund, Inc.*, 326 Ill. App. 3d 502, 761 N.E.2d 346 (2001).

## A. Section 9 of the Act

■ Under section 9 of the Act, a public body shall ascertain the prevailing wage rate in June of each year, publish that rate, and file a certified copy thereof with the Illinois Secretary of State. 820 ILCS 130/9 (West 1998). The Department is also required each June to ascertain the prevailing rate of wages for each county in the state. 820 ILCS 130/9 (West 1998). If a public body does not investigate and ascertain the prevailing rate during June, then the rate that the Department has set for the county in which the public body is located becomes the prevailing wage rate. 820 ILCS 130/9 (West 1998).

■ Section 9 of the Act further provides that within 15 days after the rate determination has been published, any person affected by the rates may object in writing to the public body or the Department. 820 ILCS 130/9 (West 1998). It shall then be the duty of the public body or the Department to set a date for a hearing on the objection after giving written notice to the objectors at least 10 days before the date of the hearing. 820 ILCS 130/9 (West 1998). Such a hearing shall be held within 20 days after the objection is filed. 820 ILCS 130/9 (West 1998). At the conclusion of the hearing, either the public body or the Department makes a final determination, which is subject to administrative review. See 820 ILCS 130/9 (West 1998); 735 ILCS 5/3—101 *et seq.* (West 1998). If proceedings to judicially review the final determination of the public body or the Department are not instituted, such a determination shall be final and binding. 820 ILCS 130/9 (West 1998).

■ "The finding of the public body awarding the contract or authorizing the work or the Department of Labor ascertaining and declaring the general prevailing rate of hourly wages shall be final for all purposes of the contract for public work then being considered, unless reviewed under the provisions of this Act." 820 ILCS 130/7 (West 1998).

■ Here, the trial court properly granted summary judgment for Skoog. It is undisputed that the Sterling Park District conducted a survey to ascertain and determine the prevailing wage rates for landscape laborers and landscape foremen. The park district complied with the mandates of the Act when it published the rates in a local newspaper and filed its determination with the Secretary of State.

On appeal, the Department attempts to point out several defects in the park district's prevailing wage determination. These alleged defects are irrelevant because the Department never properly challenged the park district's rate under the Act. See 820 ILCS 130/9 (West 1998). It did not object to the rates until a month after the project was completed, which was outside the time limits mandated by the Act. See 820 ILCS 130/9 (West 1998). When there were no timely

objections filed to the park district's published wage rates, those rates became final for "all purposes of the contract for public work then being considered." 820 ILCS 130/7 (West 1998).

## B. Section 11 of the Act

The Department contends that its enforcement authority is not limited to objecting to the park district's prevailing wage determination under section 9 of the Act. 820 ILCS 130/9 (West 1998). It claims that it is also authorized to bring an action against Skoog on behalf of its employees under section 11 of the Act. 820 ILCS 130/11 (West 1998).

■ Section 11 of the Act empowers the Department, as represented by the Attorney General, to sue for injunctive relief against the awarding of any contract or the continuation of work under any contract for public works at a time when the prevailing wage prerequisites have not been met. 820 ILCS 130/11 (West 1998). It also gives the Department a right of action on behalf of any individual who has a right of action under section 11. 830 ILCS 130/11 (West 1998).

■ Section 11 does not allow an untimely challenge to the public body's determination as asserted by the Department. We hold that the Department could not properly bring an action under section 11 of the Act in this case. The Attorney General has cited no case where the Department was permitted to challenge the validity of a public body's prevailing wage ordinance other than in the manner set forth in section 9 of the Act. 820 ILCS 130/9 (West 1998). Section 11 of the Act only authorizes an action by the Department where the contractor did not pay the prevailing wages as had been determined by the public body, or the Department if the public body had made no determination. 820 ILCS 130/11 (West 1998). Here, Skoog paid the prevailing wages as determined by the park district.

## III. CONCLUSION

The trial court properly granted Skoog's motion for summary judgment. The Department did not object in a timely manner to the Sterling Park District's prevailing wage determination, and it had no authority to impose its own prevailing wage determination on the park district's contractors. The Department could not properly pursue Skoog under section 11 of the Act because Skoog properly paid the Sterling Park District prevailing wage.

The judgment of the circuit court of Whiteside County is affirmed.

Affirmed.

LYTTON, J., concurs.

JUSTICE HOLDRIDGE, specially concurring:

I agree with the majority's holding that the trial court's grant of summary judgment to Skoog must be affirmed. I write separately only to point out that the park district clearly failed to calculate a proper prevailing wage. While the statutory scheme for challenging the park district's prevailing wage determination apparently anticipates the Department being placed on notice when the Secretary of State is notified, such did not happen in the instant case. One would think that the Department would have the authority to challenge the park district's determination on behalf of the injured workers at the point when the substandard wage is paid. But, as the majority points out, the statute does not allow the Department to take such action. If the Prevailing Wage Act is to have the effect it was intended, in the future, either the Department will have to be more vigilant or the Act must be changed to give the Department the necessary tools to enforce the Act.